UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH GOEBEL, as Administrator of the Estate of Dennis Hyde and as Representative of Dennis Hyde Jr.<br>1227 Wilbeth Road<br>Akron, OH 44314<br><br>and<br><br>JOAN BROWN<br>247 Edwin Street, Apt. 3<br>Hartville, OH 44632<br><br>Plaintiffs,<br><br>vs.<br><br>TASER INTERNATIONAL, INC.<br>7860 E. McClain Drive #2<br>Scottsdale, AZ 85260<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO.**<br><br><br><br><br><br><br><br><br><br><br><br>**JUDGE**<br><br>**COMPLAINT WITH JURY DEMAND** |

## INTRODUCTION

1. This cause of action arose from the conduct of the Defendant against Plaintiff's decedent on January 5, 2005. Plaintiff' Decedent was unlawfully deprived of his life by the actions of the Defendant.

## JURISDICTION and VENUE

2. This Court has jurisdiction of these claims under 28 U.S.C. §1332.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b).

4. There is a diversity of citizenship between Plaintiff and Taser International, Inc. (hereinafter Taser International) which negligently manufactured and sold a defective product and failed to properly instruct in said product's use (as set forth in detail below) contrary to the laws of the State of Ohio and common law.

5. The actions complained of herein occurred within the Northern District of Ohio and this Court's jurisdiction. Taser International does business in the State of Ohio.

## PARTIES

6. Plaintiff Kenneth Goebel is the legal representative and Administrator of the estate of Dennis Stephan Hyde. He is also the legal representative of Dennis Hyde, Jr., the son of the deceased.

7. Joan Brown is the mother of Dennis Stephan Hyde, the decedent.

8. Defendant Taser International is a corporation engaged in the manufacture and sale of conducted energy devices used by law enforcement agencies in Ohio with headquarters located in the State of Arizona and, upon information and belief, duly incorporated in the State of Delaware. Defendant Taser International has no statutory agent listed with the Secretary of State for the State of Ohio.

## FACTS

9. On January 5, 2005 Plaintiff's Decedent Dennis S. Hyde (hereinafter Mr. Hyde), then suffering from a mental illness, was apprehended and subdued by the City of Akron police.

10. The use of a Taser Electronic Control Device (ECD) resulted in the death of Mr. Hyde.

11. Defendant Taser International manufactured and sold the ECD which was used against Mr. Hyde. The ECD was a defective product and was negligently manufactured and sold. Taser International failed to properly instruct the City of Akron and its Police Department and police officers in said product's use.

### FIRST CLAIM FOR RELIEF

12. Plaintiffs incorporate each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

13. Defendant Taser, at all times relevant herein, was engaged in the business of designing, formulating, producing, creating, making, constructing, assembling or rebuilding a product or a component of a product known as the taser and/or ECD and was a "manufacturer" as defined by the Ohio Revised Code (O.R.C.) § 2307.71 (I).

14. Defendant Taser International manufactured and sold to City of Akron the ECD that was used by the various police officers and which is the subject of this lawsuit.

15. Defendant Taser or it's agents, servants and/or employees defectively manufactured or constructed the taser which is the subject of this lawsuit pursuant to O.R.C. § 2307.74 in that when it left its control, it deviated in a material way from the design specifications or performance standards of Defendant Taser International and/or from other wise identical units manufactured to the same design specifications or performance standards.

16. The ECD which is the subject of this lawsuit was defectively designed or formulated pursuant to O.R.C. § 2307.75 in that (1) when it left the control of Defendant Taser International, the foreseeable risks associated with it's design or formulation exceeded the benefits associated with that design or formulation and/or (2) it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

17. The ECD which is the subject of this lawsuit was defective due to inadequate warning or instruction pursuant to OR.C. § 2307.76 in that at the time when it left the control of Defendant ECD or at a relevant time thereafter, it knew or in the exercise of reasonable care, should have known about the risks associated with the ECD when used in the manner in which it was being used by the various Police Officers at the City of Akron Police Department on or before January 5, 2005, and it failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided in light of the likelihood that the ECD would cause harm of the type sustained by Mr. Hyde on January 1, 2005.

18. The subject taser was defective pursuant to O.R.C. § 2307.77 in that it did not conform, when it left the control of Defendant Taser to representations made by Defendant Taser.

19. As direct and proximate result of the above-described conduct of Defendant Taser International, Mr. Hyde sustained damages, injuries, and death.

20. As a further direct and proximate result of the above-described conduct of Defendant Taser International, Plaintiffs incurred funeral expenses.

21. Plaintiffs are entitled to compensatory damages pursuant to O.R.C. § 2307.73

4

**SECOND CLAIM FOR RELIEF**

22. Plaintiffs incorporate each and every allegation and averment set forth in the preceding paragraphs of this complaint as though fully set forth herein.

23. Defendant Taser International negligently designed, manufactured, distributed, assembled, constructed, repaired, modified, rebuilt, installed, maintained, and/or serviced the subject ECD.

24. Further, Defendant Taser International negligently failed to comply with the applicable safety standards and industry standards regarding ECD's and failed to warn, train, and instruct the police officers of the City of Akron Police Department of the risks associated with using the ECD.

25. Defendant Taser International negligently trained the police officers of the City of Akron Police Department on the proper use of the subject taser.

26. As a direct and proximate result of the above-described conduct of Defendant Taser International, Mr. Hyde sustained damages, injuries and death.

27. As a direct and proximate result of the above-described conduct of Defendant Taser International, Plaintiffs incurred funeral expenses, and burial expenses.

**THIRD CLAIM FOR RELIEF**

28. Plaintiffs incorporate each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

29. Plaintiffs believe from the available facts that the damages, injuries, and death suffered by Mr. Hyde are the result of conduct by Defendant Taser International that demonstrates malice, aggravated or egregious fraud, oppression, or insult, thereby

entitling Mr. Hyde to punitive damages pursuant to O.R.C. § 2315.21 and/or common law.

30. In the alternative, Plaintiffs believe from the available facts that the damages, injuries, and death suffered are the result of Defendant Taser International, as principal master, authorizing, participating in, or ratifying actions or omission of an agent or servant of Defendant Taser International that demonstrate malice, aggravated or egregious fraud, or insult, thereby entitling Plaintiffs to punitive damages pursuant to O.R.C. § 2315.21 and/or common law.

31. Plaintiffs believe, from the available facts, that the harm incurred by Mr. Hyde is the result of misconduct of Defendant Taser International that manifested a flagrant disregard for the safety of persons that might be harmed by the ECD, thereby entitling Plaintiff to punitive damages pursuant to O.R.C. § 2307.80.

## FOURTH CLAIM FOR RELIEF

32. Plaintiffs incorporate each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein

33. As a direct and proximate result of the negligent conduct of Defendant, as set forth above, Dennis Hyde died on January 5, 2005 at the age of thirty-two.

34. Dennis Hyde, as a direct and proximate result of the conduct described above, left next-of-kin including his child Dennis Hyde Jr. and his mother, Plaintiff Joan Hyde.

35. As a direct and proximate result of the reckless, willful and wanton misconduct of the Defendant, as described herein, Mr. Hyde's next-of-kin have been damaged. Those damages include, but are not limited to, matters for which the beneficiaries of this claim for relief are entitled to be compensated pursuant to Ohio Revised Code §2125.02.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment against the Defendant for:

(A)     Compensatory and consequential damages, in an amount of over $75,000 for each Plaintiff;

(B)     Punitive damages in an amount to be determined at trial, in excess of $75,000 for each Plaintiff;

(D)     Attorneys' fees and all costs associated with this action; and

(D)     Any and all other relief that this Court deems equitable, necessary, and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

   /s/ William T. Whitaker
Counsel for Plaintiffs:

WILLIAM T. WHITAKER (0007322)
ANDREA WHITAKER (0074461)
WILLIAM T. WHITAKER CO. LPA
Union Point
190 North Union Street, Suite 301
Akron, OH 44304
Email: wrco190@aol.com
Telephone: 330-762-0287
Facsimile: 330-762-2669

DONALD S. VARIAN, JR. (0013027)
195 East Main Street
Akron, OH 44308
Email: varianlaw@aol.com
330-434-4100 / Fax 330-434-4110